Your Honors, good morning. May it please the Court, my name is Mark Rifkin and I represent the plaintiffs below, the appellants here, Steve Harris and Dennis Ramos. This appeal asks the Court essentially to follow its recent decision in Vaughn v. Bay Environmental Management that former ERISA plan participants are in fact statutory participants within the meaning of ERISA section 2-7 and thus have statutory standing to bring an action for breach of fiduciary duty on behalf of a retirement plan under ERISA section 502A-2. The District Court dismissed the case for lack of standing, in part for lack of standing, while the appeal to this Court in Vaughn was pending. And the briefing in this case was completed before Judge Fletcher issued the Court's opinion in Vaughn. And so as a result, the parties did not directly address the Vaughn decision, although Vaughn joins a line of circuit court cases now, beginning with Harzuski v. Guyton in the Second Court, I'm sorry, in the Seventh Circuit, all of which have held former plan participants, such as Mr. Harris in this case, all of the former plan participants have standing. Mr. Ramos remained a participant in the Amgen Manufacturing Plan, and so the Court's decision with respect to standing did not affect Mr. Ramos. The Court made some additional conclusions with respect to Mr. Ramos's claim, but the principal issue in this appeal has been resolved by the Court's decision in Vaughn v. Bay Environmental Management. We understand the defendants have sought to distinguish this case from Vaughn on the basis that in Vaughn, the plaintiff's interest in the plan was terminated when the plan was terminated, whereas in this case, Mr. Harris's interest in the plan ended when he withdrew his money from the plan following the termination of his employment. We submit that's a distinction without any difference for two reasons. First, it had nothing whatsoever to do with the rationale in Vaughn. The Court simply agreed with all the other circuit courts that a participant who alleges that the lump sum distribution he received was less than it would have been were it not for the breach of fiduciary duty alleged in the complaint. That participant has a colorable claim for vested benefits and thus fits within the statutory definition of participant in accordance with the Supreme Court's decision in the Firestone case. In addition to that, all six of the other cases that have now been decided by circuit courts in favor of standing, all six of them involved plaintiffs who voluntarily withdrew from retirement plans rather than the situation in Vaughn where the plaintiff's interest in the plan was terminated when the plan was terminated. But why don't you turn to your problem with whom you sued? Yes, I will do that. Thank you, Your Honor. The district court dismissed Mr. Ramos's claim against the fiduciaries in the Amgen manufacturing plan and did so on the basis that principally the plan document or the Amgen manufacturing plan identified not Amgen Incorporated but rather its wholly owned subsidiary, Amgen Manufacturing, as the administrator of the plan. We believe the district court improperly concluded that the plan identifying a named fiduciary precludes the possibility that others acted as functional fiduciaries. And we've explained in the brief that ERISA recognizes two kinds of fiduciary liability based on your standing as a named fiduciary if, for example, the plan identified a particular individual or the company or a particular function as a named fiduciary but also includes within the definition of ERISA fiduciary those people who either possess or who exercise fiduciary responsibility. And we submit that the district court ignored the allegations in the complaint that the company functioned as a fiduciary. For example, the complaint alleges in paragraphs 7 through 17 and in paragraph 20 that the company functioned as a fiduciary for both the Amgen plan and the Amgen manufacturing plan. And with respect to Amgen itself, the district court simply took the absence of Amgen as a named fiduciary to, in effect, trump the allegations of the complaint that Amgen functioned as a fiduciary. We've cited in our brief the case-versus-specific lumber case for the proposition that fiduciary capacity is not sufficient for the purpose of a plan, but rather on the defendant's function. What about the allegation that there were fiduciary committees that actually functioned? Your Honor, the complaint alleges a particular committee, the Global Benefits Committee, but did not refer to a fiduciary committee. In our reply brief, we explain that the first time we learned of the existence of this fiduciary committee was during the briefing on the motion to dismiss below. Part of the problem that any plaintiff has in pursuing fiduciary duty claims under ERISA, which are, of course, statutory claims and important claims that the Department of Labor has encouraged plan participants to pursue. But the difficulty lies in not knowing with certainty who fiduciaries are. And so for that reason, we alleged in this complaint, and the plaintiffs in virtually all of these complaints do likewise, we identified 120 John Doe defendants, John Does 1 through 20, who we said are also fiduciaries of the plan, who we simply – whose identities we simply did not know when the complaint was prepared. If the Court had concluded that the allegations in the complaint were deficient in any respect based upon the identification of the correct parties, the Court could have and should have dismissed the complaint with leave to replete. The Court dismissed the complaint as to the Amgen manufacturing plan without leave to replete, and did so because the Court concluded that since Amgen was not named as a fiduciary in the manufacturing plan, then the complaint, the plaintiffs could never allege that Amgen was a functional fiduciary. There are two different plans here, aren't there? There are. That applies to Harris. There was the Amgen plan that Mr. Harris withdrew from, and the Court only addressed Mr. Harris's standing. The Court specifically said it made no additional findings with respect to the Amgen plan, having dismissed the complaint on the basis of Mr. Harris's lack of standing. So Mr. Ramos, who was – He's under the manufacturing plan. Mr. Ramos was a participant in the manufacturing plan, which was governed by a separate plan document, and there the district court dismissed on the basis of the failure to identify properly the named fiduciaries in the plan, we submit disregarded improperly the allegations in the complaint as to their fiduciary status, and because the Court resolved that factual dispute in favor of the defendants, denied leave to amend. We have no problem with abiding the Court's decision in terms of identifying instead of the Global Benefits Committee naming the fiduciary committee and its members as defendants. There's no statute of limitations issue. The statute of limitations has not yet run even today. But what we do believe is it was improper for the district court to dismiss the complaint on that basis without leave to amend. We've addressed the – Okay. You may want to save the rest of your time. I'm going to. Thank you, Your Honor. I appreciate it. Good morning. Please, the Court. Robert Davis, counsel for Appelees and the case. Judge Fletcher, I have read very carefully your opinion for the Court in Vaughan, and if the Court agrees, I would like to start with that issue. We think that Vaughan settles the core issue in this case. Mr. Harris is suing for benefits. And thus, he is a participant under ERISA. He is a participant under Section 3, Paragraph 7 of ERISA because he is eligible to receive a benefit. And under the Brooke v. Firestone case in the Supreme Court, he is bringing a claim and a suit for benefits. I would note that Judge Gutiérrez did not have the benefit of this authority at the time that he ruled, and that the opinion of the Court written by Judge Fletcher distinguishes the Klintz case upon which Judge Gutiérrez relied. But the fact that Mr. Harris is now deemed to be suing for benefits has new legal significance. And I would point specifically to Chief Justice Roberts' concurrence in the LaRue case, which focuses on exactly this issue, 128th Supreme Court at 1026. As Chief Justice Roberts explained, a suit for benefits is authorized under a different provision of ERISA, Section 502a1b. The Chief Justice made it clear that it is an open issue whether a suit for benefits can also be brought under Section 502a2 of ERISA, which is the fiduciary breach section for legal relief or monetary relief, as compared to 502a3, which is for relief traditionally recognized in the courts of equity. The plain terms are directly involved here because they provide for investment in Amgen stock. I would note, just as a brief aside, that counsel referred to what he described as the predicament of Plaintiff's counsel. There is a provision under ERISA, Section 104b4, under which a participant can request certain information about the plan, with which they can arm themselves, if they choose, before filing a complaint. There is no judicial proceeding required to make a Section 104b4 request. The majority opinion in LARUE, as the Chief Justice indicated, left open the question whether exhaustion, a feature of Section 502a1b of ERISA, is required. Judge Fletcher, if I could turn to one particular distinction which I think brings this argument into focus from what the Court wrote in Vaughan. The Court in Vaughan did not need to reach this 502a1b issue because, as the Court explained in the opinion, the proper defendant in a 502a1b case is the plan through the plan administrator. In Vaughan, the plan had been terminated. No more plan. No more plan administrator. And as a result, there was no, if you will, I think the phrase was used, eligible defendant in Vaughan. Let me contrast that to Amgen. Amgen's plan is ongoing. I note that we have 12B6 claims that would still be heard if the case goes forward. As to Mr. Harris, we concede that it should go forward as to Mr. Harris in his status as a participant, but we ask that it be analyzed specifically through Section 502a1b, as the Chief Justice indicated. I should also point out that Amgen is a financially sound company. It has a long record of outperforming the Standard IV 500, and I believe those are all facts that, in analyzing the benefit claim, the requirements of the plan, and ultimately, if the Court below gets to it, the fiduciary claims would come up in 502b6. I concede that some circuits have concluded that Section 502a2, the original cause of action here, or the original statutory cause here, can be used in a suit for benefits. I believe that that issue is open in this Court. Must there be exhaustion? Meaning, and I should explain. I'm sorry. I'm mired in a ruse of minutia. I should go back. By exhaustion, if I go to the doctor, get a treatment, come back and make application to my health plan, my health plan turns it down, I'm supposed to go through an administrative remedy to say, please consider your decision. That is an administrative procedure under the plan. The Supreme Court has dealt at length with the standard of review of those decisions in the MetLife v. Glenn case. Again, I don't think the Court needs to consider Glenn for purpose of the precise question presented here. I'm trying to give you a sense of the map of what might lie ahead. There is authority. The Vaught case from this Court decided last year, 546F3-620, which says that exhaustion is not jurisdictional. Again, I think that is an issue for Judge Gutierrez to deal with in terms of what a jurisdictional requirement or not may mean in the context of a suit for benefits under Section 502A1B. And the last point that I would make is that viewing this cause of action, Mr. Harris's cause of action, he is a participant for a bond that is settled by this Court. As a claim for benefits under Section 502A1B would protect his remedy consistent with the protective policy and purpose, Judge Fletcher, which you and your colleagues explain in Vaught, which underlies ERISA. I have ‑‑ I am a former solicitor of the U.S. Department of Labor. I have sued many employers for violations of ERISA. I believe this employer ultimately will not be liable. That is not before the Court today. But there is a remedy that is available to Mr. Harris. I believe that I would submit the issue on individual defendants. Substantially, on our briefs, I think that ‑‑ Why shouldn't they be given leave to amend? Your Honor, in Section ‑‑ if they go back and proceed under Section 502A1B, and if they arm themselves with the information which is available under Section 104B4 as a matter of statutory entitlement, then I agree that they should be given leave to amend. All right. I submit the rest, Your Honor. Thank you. We appreciate your candid presentation. Your Honor, very briefly, I would like to address the 502A1B v. 502A2 distinction that my colleague has raised. First, I would point out that there is, in fact, nothing in the Court's decision in Vaughan that suggests it was limited to Section 502A1B. While it's true that the Court said that a 502A1B claim would not be viable, the Court didn't say that a 502A1B claim would otherwise be the only way to proceed. And I would also like to point out that in all of the other six cases that preceded Vaughan that the Court cited, all the other six court of appeals cases, were 502A2 claims, not 502A1B claims. And in none of those cases did any of the courts have a problem with a 502A2 claim versus a 502A1B claim. And when the Supreme Court majority cited Harzuski v. Guyton approvingly in a footnote, it did so without any qualification that its approval was only limited to 502A1B. In fact, Guyton was a 502A2 claim. With respect to Amgen's suggestion that ERISA Section 104B would have allowed the plaintiffs to obtain documents and obtain documents to identify the planned fiduciaries, it's simply not the case that ERISA Section 104B requires planned fiduciaries to be identified. The statute requires the plan to provide certain specifically enumerated documents. However, it does not require the plan to provide information such as the names or identities of either named or functional fiduciaries. Unless the Court has any questions, I think we've probably taken the Court's time and patience now. Thank you. Now, the argument has been quite excellent. We appreciate it and found it very helpful. Thank you very much, Your Honor. The case argued is submitted. Next case on calendar is Rucker v. Cunning.
judges: Fletcher B. , Fisher, Gould